## SHELL PETROLEUM CORP. v. STATE et al.

No. 23749. Jan. 16, 1934.

Thompson, Mitchell, Thompson & Young, Joe T. Dickerson, Calvin A. Brown, Robert Neill, Jr., and George W. Cunningham, for petitioner.

John Dorris and Leo J. Williams, for respondents.

OSBORN, J. P. A. Slate, claimant, was employed by the Shell Petroleum Corporation, respondent, as a roustabout in the oil fields. On March 20, 1929, claimant fell out of a derrick and broke his right leg and left arm. There is no contention as to temporary total disability.

On August 26, 1929, after a hearing, claimant was awarded 20 per cent. permanent partial disability of the leg, and the cause was continued as to the arm.

On November 19, 1929, another hearing was had, and it was stipulated that claimant's permanent disability in his arm was 10 per cent. and an award made accordingly, which was commuted to a lump sum and paid.

On March 12, 1932, a petition to reopen was filed in which it was alleged that claimant had sustained a change of condition for the worse, and requested additional compensation.

Several hearings were had on this petition and a number of medical men testified, after examining claimant's arm, and estimated the amount of disability from 20 to 33 1/3 per cent. The Commission then fixed the amount of disability at 25 per cent., deducted the 10 per cent. previously awarded and directed payment of 15 per cent. permanent partial disability to claimant's arm in addition to the previous payment. From this order respondent has appealed, contending that the evidence fails to show a change of condition, and that there is no showing that a change of condition is due to the original injury.

Since only issues of fact are involved, the findings of the Commission are binding on this court, if supported by any competent evidence. In this connection, claimant testified at the latter hearing that his arm had been gradually getting worse since the original award, that he did not have the strength and grip that he had at that time, and had suffered more pain than formerly.

Dr. Ernest R. Vahlberg testified that he had examined claimant prior to the first award, and just prior to testifying on the petition to reopen. He stated that his second examination revealed more stiffness in the arm, and less grip, than on the former examination, indicating that the arm was weaker; that the condition of the arm was progressive, and on the date of hearing it was no better than it had been a year ago.

From this and other expert testimony it may be said that there is sufficient competent evidence to sustain the findings of the Commission. It is evident that in the former hearings, the doctors anticipated that there would be a continued improvement in the condition of claimant's arm and that the amount of disability would continue to decrease. It is equally evident that the condition of the arm did not improve, and that for this reason the amount of disability was erroneously estimated. Respondent argues that the increased award is made on a change of opinion by the doctors instead of a change of condition, but such contention is without merit. The natural result of an injury is improvement and healing. The doctors had a right to assume that the injury was in a healing condition. Later examination developed that it was not. Therefore, we find, not a change in the opinion of the doctors, but a finding of a change of condition of claimant's arm in the failure to improve and heal in a normal way.

The award of the Commission is sustained.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and BUSBY, JJ., concur.